UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

J'VON DECARRO BYNUM,

    Plaintiff,          Civil Action No. 2:18-CV-14078
v.                            HONORABLE DENISE PAGE HOOD
                                 CHIEF UNITED STATES DISTRICT JUDGE

J. KERR, et. al.,

    Defendants,
_____/

**OPINION AND ORDER SUMMARILY
DISMISSING THE CIVIL RIGHTS COMPLAINT**

**I. Introduction**

Before the Court is Plaintiff J'Von Decarro Bynum's *pro se* civil rights complaint filed pursuant to 42 U.S.C. § 1983. Plaintiff is a state prisoner incarcerated at the Gus Harrison Correctional Facility in Adrian, Michigan. The Court has reviewed the complaint and now **DISMISSES IT FOR FAILING TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED.**

**II. Standard of Review**

Plaintiff was granted permission to proceed without prepayment of fees. See 28 § U.S.C. 1915(a); *McGore v. Wrigglesworth,* 114 F. 3d 601, 604 (6th Cir. 1997). However, 28 U.S.C. § 1915(e)(2)(B) states:

1

> Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that:
> (B) the action or appeal:
> (i) is frivolous or malicious;
> (ii) fails to state a claim on which relief may be granted; or
> (iii) seeks monetary relief against a defendant who is immune from such relief.

A complaint is deemed to be frivolous if it lacks an arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *see also Denton v. Hernandez*, 504 U.S. 25, 32 (1992). *Sua sponte* dismissal is appropriate if the complaint lacks an arguable basis when filed. *McGore,* 114 F. 3d at 612.

While a complaint "does not need detailed factual allegations," the "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)(footnote and citations omitted). Stated differently, "a complaint must contain sufficient factual matter, accepted as true, 'to state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)(quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556).

To establish a prima facie case under 42 U.S.C. § 1983, a civil rights plaintiff must allege that: (1) the defendant acted under color of state law; and (2)

2

the offensive conduct deprived the plaintiff of rights secured by federal law. *Bloch v. Ribar*, 156 F. 3d 673, 677 (6th Cir. 1998)(citing *Parratt v. Taylor*, 451 U.S. 527, 535 (1981)). "If a plaintiff fails to make a showing on any essential element of a § 1983 claim, it must fail." *Redding v. St. Eward*, 241 F. 3d 530, 532 (6th Cir. 2001).

### III.  Complaint

Plaintiff claims that on November 30, 2017, he attempted to file a motion for reconsideration with the Michigan Court of Appeals on an unspecified legal matter by placing it in the prison's expedited mailing system. Plaintiff was informed on December 11, 2017 by defendant Kerr that his pleadings were being rejected because they contained two pink sheets of paper identified by Kerr as contraband. Kerr also informed plaintiff that because of prior grievances that he had filed regarding the alleged failure of prison officials to process his legal mail, Kerr was instructed to send all of plaintiff's legal mail back for an administrative hearing. Plaintiff informed Kerr that he was under a 21 day deadline to file his motion for reconsideration. Kerr allegedly replied "These are the kinds of issues when you file grievances…". Plaintiff also claims that Kerr did not send the Notice of Intent to Seek an Administrative Hearing until 17 days after the incident, beyond the 10 day time period for seeking the hearing. Plaintiff claims that Kerr did this deliberately so that plaintiff would miss his filing deadline with the Michigan Court of Appeals.

On December 11, 2017, plaintiff requested an administrative hearing on his legal pleadings. On December 12, 2017, plaintiff spoke with his counselor, who contacted the prison mailroom and asked defendants Corbin and Elliot, two mailroom employees, to remove the alleged contraband from the motion for reconsideration so that it could be mailed in time to reach the Michigan Court of Appeals before the 21 day deadline ran out. The defendants did not comply with this request.

On December 15, 2017, plaintiff spoke with his counselor and informed him that Kerr had backdated the package rejection report. Plaintiff also advised his counselor of prior retaliatory actions by defendants Corbin and Elliott.

On December 27, 2017, plaintiff was interviewed by Sergeant Oley and informed Oley about the defendants' actions.

On December 28, 2017, an administrative hearing was conducted after which the hearing officer dismissed the hearing as untimely but also agreed that as a result of Kerr's untimely filed notice, plaintiff had missed his deadline for filing his motion for reconsideration.

Plaintiff claims that the defendants' actions denied him access to the courts in that they caused his motion for reconsideration to be rejected as untimely by the Michigan Court of Appeals. Plaintiff also claims that because his motion for reconsideration was untimely, he was unable to file an application for leave to

4

appeal with the Michigan Supreme Court. Plaintiff further claims that the defendants' actions, preventing the timely mailing of his motion for reconsideration, were in retaliation for the prior grievances that he filed regarding the alleged prior mishandling of his legal mail. Plaintiff seeks declaratory, injunctive, and monetary relief.

## IV. Discussion

Plaintiff's primary claim is that the defendants denied him access to the courts.

The fundamental constitutional right of access to courts requires prison authorities to assist inmates in the preparation and filing of legal papers by providing them with adequate law libraries and with assistance from persons trained in the law. *Bounds v. Smith*, 430 U.S. 817, 828 (1977). However, the holding in *Bounds* does not guarantee inmates the ability to turn themselves into "litigating engines capable of filing everything from shareholder derivative actions to slip and fall claims." The tools that *Bounds* requires to be provided are those the inmates need to attack their sentences or to challenge their conditions of confinement. *Lewis v. Casey*, 518 U.S. 343, 355 (1996). Prisoners have a constitutional right of access to the courts which extends solely to direct appeals, habeas corpus applications, and civil rights claims. *Thaddeus-X v. Blatter*, 175 F. 3d 378, 391 (6th Cir. 1999). A prisoner fails to state a claim for violation of the

right of access to the courts, absent an allegation that the defendants hindered his or her pursuit of a direct criminal appeal, a petition for writ of habeas corpus, or a civil rights action to vindicate his or her basic constitutional rights. *Smith v. Campbell*, 113 F. App'x 85, 87 (6th Cir. 2004).

Plaintiff does not specify the nature of the legal action that he claims was impeded by defendants' failure to timely mail his motion for reconsideration to the Michigan Court of Appeals. A prisoner is not entitled to relief on a conclusory or speculative access to the courts claim. *See Rodgers v. Hawley*, 14 F. App'x. 403, 409 (6th Cir. 2001). Because plaintiff does not allege that the failure to timely mail his motion for reconsideration impeded his ability to pursue a direct criminal appeal, a habeas petition, or a civil rights action, he is not entitled to relief on his access to courts claim. *Smith.* 113 F. App'x at 87.

Plaintiff's related retaliation claim fails because he failed to show that the legal action that he was retaliated against involved a direct appeal, a habeas petition, or a challenge to the conditions of his confinement. *See Lewis v. Randle,* 66 F. App'x. 560, 561-62 (6th Cir. 2003); *Smith v. Craven*, 61 F. App'x. 159, 162 (6th Cir. 2003). The Court dismisses the retaliation claim.

The Court summarily dismisses the complaint. Because the complaint lacks any arguable basis in the law, this Court certifies that any appeal by Plaintiff would

be frivolous and not undertaken in good faith. *See Alexander v. Jackson,* 440 F. Supp. 2d 682, 684 (E.D. Mich. 2006)(citing 28 U.S.C. § 1915(a)).

## V. ORDER

Accordingly, it is **HEREBY ORDERED** that the civil rights complaint [docket entry 1] is **DISMISSED WITH PREJUDICE FOR FAILING TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED.**

**IT IS FURTHER ORDERED AND CERTIFIED** by the Court that any appeal taken by Plaintiff would not be done in good faith.

                            s/ Denise Page Hood
                            HON. DENISE PAGE HOOD
                            CHIEF UNITED STATES DISTRICT JUDGE

Dated: February 22, 2019