UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

J'VON DECARRO BYNUM,

    Plaintiff,          Civil Action No. 2:18-CV-14078
v.                            HONORABLE DENISE PAGE HOOD
                                  CHIEF UNITED STATES DISTRICT JUDGE

J. KERR, et. al.,

    Defendants,
_____/

## OPINION AND ORDER DENYING
## THE MOTION FOR RECONSIDERATION

Plaintiff filed a *pro se* civil rights complaint pursuant to 42 U.S.C. § 1983, alleging that he had been denied access to the courts. This Court summarily dismissed the complaint because plaintiff failed to state a claim upon which relief could be granted. *Bynum v. Kerr*, No. 2:18-CV-14078, 2019 WL 861118 (E.D. Mich. Feb. 22, 2019).

Plaintiff has filed a motion for reconsideration. For the reasons that follow, the motion is DENIED WITHOUT PREJUDICE to plaintiff filing a new civil rights complaint under a new case number.

The Court dismissed plaintiff's complaint because plaintiff failed to specify or allege in his complaint the nature of the legal action that he alleged was impeded by defendants' failure to timely mail his motion for reconsideration to the

1

Michigan Court of Appeals. Because plaintiff did not allege that the failure to timely mail his motion for reconsideration impeded his ability to pursue a direct criminal appeal, a habeas petition, or a civil rights action, this Court concluded he was not entitled to relief on his access to courts claim or his related retaliation claim. *Bynum v. Kerr*, No. 2019 WL 861118, at * 2-3.

Plaintiff in his motion for reconsideration acknowledges that he failed to identify in his complaint the nature of the legal action that he was attempting to file with the Michigan Court of Appeals, which he now claims involved a challenge to the conditions of his confinement, but claims he did not do so because a portion of the 42 U.S.C. § 1983 form complaint instructs plaintiffs not to make any legal arguments or cite any laws or statutes.

This court must first reopen plaintiff's case before plaintiff would be permitted to submit an amended complaint. *See In re Ferro Corp. Derivative Litigation*, 511 F.3d 611, 624 (6th Cir. 2008). "Following entry of final judgment, a party may not seek to amend their complaint without first moving to alter, set aside or vacate judgment pursuant to either Rule 59 or Rule 60 of the Federal Rules of Civil Procedure." *Id.* (quoting *Morse v. McWhorter*, 290 F.3d 795, 799 (6th Cir.2002)). Therefore, unless postjudgment relief is granted, a district court does not have the power to grant a motion to amend the complaint pursuant to Fed. R. Civ. P. 15(a). *Id.*

Plaintiff is not entitled to amend his complaint post-judgment because he has failed to provide a compelling explanation for neither amending nor seeking leave to amend his complaint to add these facts before judgment was entered. *See Pond v. Haas*, 674 F. App'x 466, 473 (6th Cir. 2016). Although the form complaint instructed plaintiff not to make any legal argument or cite to any caselaw, the nature of the legal action that plaintiff claims he was denied access to the courts on is part of the factual allegations not a legal argument.

Accordingly, the motion for reconsideration (Dkt. # 8) is DENIED. The denial is without prejudice to plaintiff filing a new complaint under a new case number.

s/Denise Page Hood
Chief Judge, U. S. District Court

Dated: May 8, 2019